25cr 334 ADM/ECW

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    **INDICTMENT**

              Plaintiff,                    18 U.S.C. § 1343
                                 18 U.S.C. § 666
     v.                                      18 U.S.C. § 1957

MUNA WAIS FIDHIN,

              Defendant.

THE UNITED STATES GRAND JURY CHARGES THAT:

1.     Defendant MUNA WAIS FIDHIN participated in a scheme to defraud the federal child nutrition program by exploiting changes in the program intended to ensure that underserved children received adequate nutrition during the Covid-19 pandemic. FIDHIN enrolled her company, M5 Café, in the federal child nutrition program under the sponsorship of Feeding Our Future. She later created a nonprofit organization called M5 Care, which she enrolled in the federal child nutrition program under another sponsor. FIDHIN fraudulently claimed to be serving meals to 500 children a day, seven days a week, at her sites. In reality, FIDHIN served few, if any, children at her sites. FIDHIN submitted fake invoices purporting to document the purchase of food for use in feeding these children. But these invoices were fake and obtained from another individual and entity involved in the fraudulent scheme.

2.     In all, FIDHIN claimed to be entitled to nearly $1 million in federal child nutrition program funds. FIDHIN used the proceeds of her scheme to pay off her mortgage and to send tens of thousands of dollars out of the country. She also paid



United States v. Muna Wais Fidhin

approximately $27,000 in kickbacks to a Feeding Our Future employee in exchange for his sponsorship and submission of her fraudulent claims.

3.    At times relevant to the indictment:

**A.    Background on the Federal Child Nutrition Program**

a.    The Food and Nutrition Service is an agency of the United States Department of Agriculture (USDA) that administers various federal child nutrition programs, including the Summer Food Service Program and Child and Adult Care Food Program (together, the "Federal Child Nutrition Program").

b.    The Summer Food Service Program is a federal program established to ensure that children continue to receive nutritious meals when school is not in session. The Summer Food Service Program reimburses non-profit organizations and other participating entities that serve free healthy meals and snacks to children and teens in low-income areas.

c.    The Child and Adult Care Food Program is a federal program that reimburses non-profit organizations and other participating entities that serve healthy meals and snacks to children and adults at participating child care centers, day care homes, and after-school programs.

d.    The Federal Child Nutrition Program operates throughout the United States. The USDA's Food and Nutrition Service administers the programs at the national and regional levels by distributing federal funds to state governments, which provide oversight over the Federal Child Nutrition Program.

e.    The Minnesota Department of Education (MDE) administers the Federal Child Nutrition Program in Minnesota.

United States v. Muna Wais Fidhin

       f.    Meals funded by the Federal Child Nutrition Program are served by "sites." Each site participating in the Federal Child Nutrition Program must be sponsored by a sponsoring organization that is authorized to participate in the Federal Child Nutrition Program. Sponsors are required to submit an application to MDE for each site. Sponsors are responsible for monitoring each of their sites and preparing reimbursement claims for their sites.

       g.    Sponsors submit reimbursement claims to MDE on behalf of sites under their sponsorship. The USDA then provides federal reimbursement funds on a per-meal basis. MDE provides the federal funds to the sponsoring agency, which in turn pays the reimbursements to the sites under its sponsorship. The sponsoring agency retains 10 to 15 percent of the funds as an administrative fee in exchange for sponsoring the sites, submitting reimbursement claims, and dispersing the federal funds.

       h.    Historically, the Federal Child Nutrition Program has generally functioned by providing meals to children involved in educational-based programs or activities. During the Covid-19 pandemic, however, the USDA waived some of the standard requirements for participation in the Federal Child Nutrition Program. Among other things, the USDA allowed for-profit restaurants to participate in the program. The USDA also allowed for off-site food distribution to children outside of educational programs. At the same time, the state government's stay-at-home order and telework policies made it difficult to oversee the program. These changes left the program vulnerable to fraud and abuse.

United States v. Muna Wais Fidhin

### B.    Feeding Our Future

i.    Feeding Our Future was a non-profit organization purportedly in the business of helping community partners participate in the Federal Child Nutrition Program. Aimee Bock was the founder and executive director of Feeding Our Future.

j.    Prior to the onset of the Covid-19 pandemic, Feeding Our Future was a small non-profit that sponsored the participation of daycares and after-school programs in the Federal Child Nutrition Program.

k.    Beginning in approximately April 2020, Feeding Our Future dramatically increased the number of sites under its sponsorship as well as the amount of Federal Child Nutrition Program funds received by those sites. Feeding Our Future went from receiving and disbursing approximately $3.4 million in federal funds to sites under its sponsorship in 2019 to nearly $200 million in 2021.

l.    Bock oversaw a massive scheme to defraud carried out by sites under the sponsorship of Feeding Our Future. Bock and Feeding Our Future sponsored entities that submitted fraudulent reimbursement claims and fake documentation. Bock and her company sponsored the opening of nearly 200 Federal Child Nutrition Program sites despite knowing that the sites intended to and did submit fraudulent claims.

m.    In exchange for sponsoring the sites' fraudulent participation in the program, Feeding Our Future received nearly $18 million in Federal Child Nutrition Program funds as administrative fees in 2021. Because the amount of administrative fees it received was based on the amount of federal funds received by

4

United States v. Muna Wais Fidhin

sites under its sponsorship, Feeding Our Future received tens of millions of dollars in administrative fees to which it was not entitled due to its sponsorship and facilitation of sites fraudulent participating in the program.

### C.     Sponsor A

n.     Sponsor A was a Minnesota non-profit organization purportedly in the business of helping community partners participate in the Federal Child Nutrition Program. Like Feeding Our Future, prior to the onset of the Covid-19 pandemic, Sponsor A was a small non-profit that sponsored the participation of daycares and after-school programs in the Federal Child Nutrition Program.

o.     Beginning in approximately April 2020, Sponsor A dramatically increased the number of sites under its sponsorship as well as the amount of Federal Child Nutrition Program funds received by those sites. The company went from receiving and disbursing approximately $5.6 million in federal funds to sites under its sponsorship in 2019 to more than $200 million in 2021. In 2021, sites under the sponsorship of Sponsor A claimed to have served more than 80 million meals to children in Minnesota. Many of the sites operating under the sponsorship of Sponsor A fraudulently inflated their claims in order to appear that they were providing more food to children than was true. Together, the defendants claimed to be serving meals to tens of thousands of children each day throughout the State of Minnesota, for which they fraudulently claimed and received millions of dollars in Federal Child Nutrition Program funds.

United States v. Muna Wais Fidhin

**D.     The Defendant and Her Role**

p.     Defendant MUNA WAIS FIDHIN was the owner of M5 Café and M5 Care.

q.     FIDHIN opened two Federal Child Nutrition Program sites in 2020 and 2021. She opened M5 Café site under the sponsorship of Feeding Our Future and a site in the name of M5 Care under the sponsorship of Sponsor A.

### Counts 1-3
(Wire Fraud)

4.     From in or about September 2020 through in or about 2022, the defendant,

MUNA WAIS FIDHIN,

and others known and unknown to the grand jury, did knowingly devise and participate in a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

5.     More specifically, FIDHIN participated in and carried out a scheme to defraud the Federal Child Nutrition Program by fraudulently claiming to have served free meals to hundreds of thousands of children. Based on these fraudulent claims, FIDHIN claimed to be entitled to nearly $1 million in Federal Child Nutrition Program funds, which she used to pay off her home mortgage, pay off a car loan, and fund her lifestyle. She also wired tens of thousands of dollars in Federal Child Nutrition Program funds abroad.

United States v. Muna Wais Fidhin

6.    It was part of her scheme that FIDHIN applied to enroll M5 Café in the federal child nutrition program site under the sponsorship of Feeding Our Future. FIDHIN thereafter purported to operate the M5 Café site from a medical clinic in Burnsville, Minnesota.

7.    FIDHIN claimed to serve breakfast and lunch to 500 children a day, seven days a week at M5 Café. FIDHIN submitted fraudulent meal counts in support of these claims.

8.    FIDHIN obtained and submitted fraudulent invoices and receipts purporting to show that she purchased food from Alif Halal, a storefront halal market in Burnsville, Minnesota. But these invoices and receipts were fake and FIDHIN did not purchase food from Alif Halal. The owner of Alif Halal, Hoda Abdi, was involved in the fraud scheme and provided the fake and fraudulent invoices and receipts to FIDHIN for use in supporting her fraudulent claims. FIDHIN paid Hoda Abdi for the fraudulent invoices and receipts.

9.    FIDHIN paid kickbacks to a Feeding Our Future employee in exchange for the company's sponsorship for her company's fraudulent participation in the Federal Child Nutrition Program and its submission of her fraudulent claims to MDE.

10.    FIDHIN claimed to have served more than 166,000 meals to children at the M5 Café site, for which she claimed to be entitled to nearly $600,000 in Federal Child Nutrition Program funds.

11.    Based on these fraudulent claims, FIDHIN received approximately $550,000 in Federal Child Nutrition Program funds.

United States v. Muna Wais Fidhin

12.   In 2021, FIDHIN created a nonprofit organization called M5 Care. FIDHIN applied to open a second Federal Child Nutrition Program site in the name of M5 Care under the sponsorship of Sponsor A.

13.   FIDHIN claimed to have served approximately 170,000 meals at the M5 Care site between November 2021 and February 2022 for which she claimed to be entitled to more than $400,000 in Federal Child Nutrition Program funds. In support of these claims, she submitted fake invoices from both Alif Halal as well as The Produce LLC, another entity whose owner, Fahad Nur, provided fake invoices to support FIDHIN's fraudulent claims.

14.   In all, FIDHIN fraudulently claimed to have served more than 300,000 meals at her two food sites, for which she claimed to be entitled to approximately $1 million in Federal Child Nutrition Program funds.

15.   FIDHIN did not use these funds to purchase food to feed children. Instead, she used the money to pay off her home mortgage, to purchase a car, and to fund her lifestyle. FIDHIN also wired tens of thousands of dollars abroad via international money transfer companies.

16.   On or about the dates listed below, in the State and District of Minnesota and elsewhere, the defendant,

MUNA WAIS FIDHIN,

for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, signals, and sounds, including the following:

United States v. Muna Wais Fidhin

| Count | Date (on or about) | Wire Details |
|-------|--------------------|--------------|
| 1 | January 31, 2021 | An email from FIDHIN to a Feeding Our Future employee containing fraudulent invoices that traveled in interstate commerce |
| 2 | April 30, 2021 | An email from FIDHIN to Feeding Our Future containing fraudulent meal counts and invoices that traveled in interstate commerce |
| 3 | April 30, 2021 | An email from FIDHIN to Feeding Our Future containing fraudulent meal counts and invoices that traveled in interstate commerce |

All in violation of Title 18, United States Code, Section 1343.

### Counts 4-7
(Federal Programs Bribery)

17.    Paragraphs 1 through 16 are incorporated herein.

18.    Abdikerm Eidleh was an employee of Feeding Our Future.

19.    Hope Suppliers LLC was a shell company created and used by Eidleh to receive and launder kickbacks he received from individuals who fraudulently participated in the Federal Child Nutrition Program under the sponsorship of Feeding Our Future.

20.    Eidleh Inc. was a shell company created and used by Eidleh to receive and launder kickbacks he received from individuals who fraudulently participated in the Federal Child Nutrition Program under the sponsorship of Feeding Our Future.

21.    FIDHIN paid kickbacks to Eidleh in exchange for Feeding Our Future's sponsorship of her fraudulent participation in the Federal Child Nutrition Program and submission of her fraudulent claims to MDE.

22.    On or about the dates set forth below, in the State and District of Minnesota, the defendant,

MUNA WAIS FIDHIN,

United States v. Muna Wais Fidhin

corruptly gave, offered, and agreed to give anything of value to any person with intent

to influence and reward an agent of an organization, as set forth below, in connection

with any business, transaction and series of transactions of each organization

involving anything of value of $5,000 or more, where such organization received

benefits in excess of $10,000 annually under federal programs involving grants,

contracts, subsidies, loan guarantees, insurance and other forms of federal assistance

in any one-year period, as follows:

| Count | Date (on or about) | Payment |
|-------|--------------------|---------|
| 4 | Jan. 20, 2021 | A $7,000 check from FIDHIN to Hope Suppliers LLC for "interpreter" |
| 5 | Feb. 17, 2021 | A $8,000 check from FIDHIN to Hope Suppliers LLC for "supplies and delivery" |
| 6 | March 25, 2021 | A $6,000 check from FIDHIN to Eidleh Inc. for "supplies" |
| 7 | May 10, 2021 | A $6,000 check from FIDHIN to Eidleh Inc. for "consulting" |

All in violation of Title 18, United States Code, Section 666.

### Counts 8-10
(Money Laundering)

23.    Paragraphs 1 through 16 are incorporated herein.

24.    On or about the dates listed below, in the State and District of

Minnesota and elsewhere, the defendant,

MUNA WAIS FIDHIN,

knowingly engaged and attempted to engage in monetary transactions by, through,

or to a financial institution, affecting interstate or foreign commerce, in criminally

derived property of a value greater than $10,000, as described below, such property

United States v. Muna Wais Fidhin

having been derived from specified unlawful activities, namely, wire fraud, in violation of Title 18, United States Code, Section 1343:

| Count | Date (on or about) | Transaction |
|---|---|---|
| 8 | June 5, 2021 | A $15,450 check from FIDHIN to Amal Financial, an international money transfer company |
| 9 | June 14, 2021 | A $10,000 check from FIDHIN to Amal Financial, an international money transfer company |
| 10 | March 31, 2022 | A $310,258 payment from FIDHIN to Citizens Bank to pay off the mortgage on the house located at 13198 Meadow Lane in Savage, Minnesota |

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATIONS

25.    Counts 1 through 10 of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) in conjunction with Title 28, United States Code, Section 2461(c), and pursuant to Title 18, United States Code, Section 982(a)(1).

26.    If convicted of any of Counts 1-7 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to Counts 1-7 of the Indictment.

27.    If convicted of any of Counts 8-10 of this Indictment, the defendant shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 and any property traceable to such property.

United States v. Muna Wais Fidhin

28.    The property subject to forfeiture includes, but is not limited to the real property and all structures located at 13198 Meadow Lane, Savage, Minnesota.

29.    If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____    _____

ACTING UNITED STATES ATTORNEY    FOREPERSON