**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUNA WAIS FIDHIN,<br><br>Defendant. | Case No. 25-CR-334 (NEB/DTS)<br><br><br><br>ORDER ON MOTIONS IN LIMINE |

Defendant Muna Wais Fidhin is charged in the indictment with wire fraud, federal programs bribery, and money laundering (ECF No. 1.) Trial is set to begin on October 5, 2026. (ECF No. 49.) The government filed ten motions in limine (ECF Nos 62–70, 72), to which Ms. Fidhin objected (ECF No. 74.) Ms. Fidhin notified the Court that she did not intend to file any motions in limine. (ECF No. 56.)[1] The Court held a pretrial conference on September 28, 2026, at which the Parties argued the motions. (ECF No. 76.) With this Order, the Court supplements and clarifies its rulings made during the hearing.

## I. Government's Motions in Limine

### *A. ECF No. 62—Co-Conspirator Statements*

The government moves the Court to rule summarily that statements from Ms. Fidhin's co-conspirators are not hearsay under Rule 801(d)(2)(E) of the Federal Rules of Evidence. Ms. Fidhin argues that such a motion is vague because the government has not identified any specific alleged conspiracy or who was involved in that conspiracy. (ECF No. 74, at 7.) While "the crime of conspiracy need not be charged in order to invoke the

[1] At the pretrial hearing, Defense counsel indicated that Ms. Fidhin may file motions in limine out of time. Ms. Fidhin must file any additional motions by Wednesday, September 30, 2026. The government must file any response by Friday, October 2, 2026.

conspirator exception," *United States v. Miller*, 644 F.2d 1241, 1244 n.5 (8th Cir. 1981), "mere presence or association . . . is insufficient to show membership in the conspiracy," *United States v. Scholle*, 553 F.2d 1109, 1118 (8th Cir. 1997). At this time, the government's blanket request is premature. The Court will follow the procedure recommended in *United States v. Bell*:

> (1) If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice. *See United States v. Stanchich,* 550 F.2d 1294, 1298 (2d Cir. 1977). The foregoing procedural steps should transpire out of the hearing of the jury. *See* Fed. R. Evid. 104(c).

573 F.2d 1040, 1044 (8th Cir. 1978); *see also United States v. Craig*, 94 F.4th 752, 756 (8th Cir. 2024) (explaining that *Bell* is still the procedure courts should use when defendants object to a co-conspirator statement).

The Court cautions the parties to follow the *Bell* procedure meticulously, so that the Court may keep a precise record of any conditionally admitted statements.

### *B. ECF No. 63—Advice-of-Counsel and Mistake-of-Law Defenses*

The government moves to preclude Ms. Fidhin from using two defenses: advice-of-counsel and mistake of law. As the government recognizes, Ms. Fidhin has "not indicated that they intend to offer an advice-of-counsel defense . . . ." (ECF No. 63, at 1.) And under the traditional rule, mistake-of-law is not a valid defense. *Bryan v. United States*, 524 U.S. 184, 195 (1998). To the extent that the government's motion restates the law, the motion is granted.

Ms. Fidhin argues that the government "mischaracterizes" the mistake-of-law defense to include a mistake-of-fact defense. (ECF No. 74, at 9.) She intends to argue that she did not commit fraud, not that she didn't know fraud was illegal. (*Id.* at 10.) Ms. Fidhin may argue that she made a mistake of fact regarding certain program rules that prevented her from forming intent to defraud.

### *C. ECF No. 64—Jury Nullification*

The government moves to preclude Ms. Fidhin from using argument or evidence designed to elicit jury nullification. To the extent that the government's motion restates the law, the motion is granted.

Ms. Fidhin fears that the government seeks to limit her ability to argue certain witnesses' biases. Exposing a witness's motivation in testifying is a proper function of cross-examination. *Delaware v. Van Arsdall*, 475 U.S. 673, 678–79 (1986). But the Court "may properly limit cross-examination on inherently speculative theories of bias, where the defendant is unable to lay a proper evidentiary foundation." *United States v. Sanabria*, 645 F.3d 505, 514 (1st Cir. 2011) (citations modified); *United States v. Williams*, 796 F.3d 951, 961 (8th Cir. 2015) (holding that the district court did not abuse its discretion in

limiting cross-examination where defendant "had no good-faith basis to believe that the officers had planted a handgun"). The parties may raise objections to individual questions at trial.

### *D. ECF No. 65—Laying Proper Foundation*

The government moves to "preclude the defense from attempting to introduce hearsay materials and, through government witnesses and in the presence of the jury, defense exhibits that lack proper foundation and authentication." (ECF No. 65, at 1.) If establishing foundation for a given piece of evidence requires disclosure of its contents to the jury, the Court will consider doing so outside the jury's presence. *See United States v. Robinson*, 110 F.3d 1320, 1326 (8th Cir. 1997) (concluding no plain error where "the District Court conducted a hearing outside the presence of the jury . . . and determined that this evidence was admissible"). The Court denies the motion as premature but cautions the parties to lay foundation in such a way that does not disclose an exhibit's contents to the jury.

### *E. ECF No. 66—Evidence of Lawful Behavior*

The government moves to exclude evidence of Ms. Fidhin's lawful behavior on occasions not charged in the indictment, except in accord with Rule 405(a) of the Federal Rules of Evidence. Ms. Fidhin argues that this motion would prevent her from introducing evidence critical to her defense, including "evidence of her business operations to rebut the Government's unsupported allegations" that Ms. Fidhin knowingly participated in the fraud. (ECF No. 74, at 12.) The Court will take each objection as it comes. The motion is denied as premature.

### *F. ECF No. 67—Punishment and Sentencing*

The government moves to preclude references to Ms. Fidhin's "potential punishment, penalty, sentence, or collateral consequences that [Ms. Fidhin] may face if convicted at trial." (ECF No. 67, at 1.) Such references are improper at trial. *United States v. Thomas*, 895 F.2d 1198, 1200 (8th Cir. 1990). The parties have agreed on a jury instruction following this law, and Ms. Fidhin does not oppose the motion. (*See* ECF No. 58, at 68.) The motion is granted.

### *G. ECF No. 68—Selective Prosecution*

The government moves to preclude "references to the government's charging decisions, including questioning why other uncharged individuals, including co-conspirators, were not charged for their roles in the scheme to defraud." (ECF No. 68, at 1.)

In a selective prosecution claim, a defendant must show that "(1) people similarly situated to him were not prosecuted; and (2) the decision to prosecute was motivated by a discriminatory purpose." *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004) (citation omitted). That claim "must be raised by pretrial motion." Fed. R. Crim. P. 12(b)(3)(A)(iv). Otherwise, it is waived. *United States v. Huber*, 404 F.3d 1047, 1054 (8th Cir. 2005). Ms. Fidhin "has not raised a selective prosecution claim and does not intend to make one at trial." (ECF No. 74, at 14.) The Court denies the motion as moot.

Ms. Fidhin further argues that she is "absolutely entitled to inquire into witnesses' motivation for testifying and the investigative decisions of the [g]overnment." (*Id.*) As noted above, inquiring into a witness's motivation for testifying is proper. *Van Arsdall*, 475 U.S. at 678–79. But the Court will not allow questioning that suggests "similarly

situated" individuals were not prosecuted and that "the decision to prosecute was motivated by a discriminatory purpose." *Hirsch*, 360 F.3d at 864. Such questioning is improper under the rule that selective prosecution claims must be asserted before trial.

### *H. ECF No. 69—Witness Sequestration*

The government moves to sequester potential witnesses, except for FBI Special Agent Travis Wilmer, IRS-CI Special Agent Joshua Parks, and FBI Forensic Accountant Pauline Roase from the order. Fed. R. Evid. 615. Ms. Fidhin does not object. (ECF No. 74, at 14.) The motion is granted.

### *I. ECF No. 70—Federal Agents' Interview Reports*

The government moves to preclude Ms. Fidhin from impeaching government witnesses with federal agents' 302 interview reports. These reports are verbatim recitals of federal agents' statement and, as such, cannot be used for impeachment. *See Palermo v. United States*, 360 U.S. 343, 352 (1959). The reports, can, however, be used as the good faith factual basis for relevant cross-examination. *United States v. Tucker*, 533 F.3d 711, 715 (8th Cir. 2008).

During the pretrial hearing, the parties represented that they will use the 302 reports properly. To the extent that the government's motion restates the law, it is granted. Should the parties have objections to specific uses of 302 reports during trial, the court will take each objection as it comes.

### *J. ECF No. 72—Motion to Compel Discovery and Request to Exclude Evidence*

The government moves to compel Ms. Fidhin to produce reciprocal discovery, specifically certain digital extraction or metadata of certain exhibits under

Rule 16(b)(1)(A) of the Federal Rules of Criminal Procedure. Ms. Fidhin provided the government with her proposed exhibit list under the trial order. (ECF No. 49.) Among those exhibits, Ms. Fidhin listed five documents containing text message strings, a "Cellebrite Extraction Report," around 70 files that purport to be photos of food items, and four videos of food. (ECF No. 72, at 1–2.) The government noted that the photos and videos in the exhibits did not contain metadata and requested reciprocal discovery from Ms. Fidhin. (*Id.* at 3.) Defense counsel declined to provide the extraction. (*Id.*) The government moved to compel or exclude those documents from trial.

During the pretrial hearing, the Court noted that the parties' explanation for the scope, purpose, and defense position on this motion seemed to shift at the hearing. The Court cannot determine even whether Ms. Fidhin has in her possession the metadata the government requested. Thus, the parties must meet and confer to narrow the issue for proper adjudication. The parties are ordered to submit a status report as to the outcome of the meet-and-confer no later than the beginning of trial.

## II. Voir Dire Procedures

At the pretrial hearing, Defense counsel noted his concern that given the timing and subject matter of this trial, there is a significant concern for pretrial publicity and bias given the political tenor of the broader news cycle, including political advertisements. The Court takes that concern into consideration.

The Sixth Amendment guarantees a criminal defendant the right to trial by an impartial jury. *Skilling v. United States*, 561 U.S. 358, 377 (2010); U.S. Const. amend. VI. "The theory of our [trial] system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print." *Patterson v. Colorado ex rel. Att'y Gen. of Colo.*, 205

U.S. 454, 462 (1907). The procedure by which Courts use to find an impartial jury "is not chained to any ancient and artificial formula." *United States v. Wood*, 299 U.S. 123, 145–46 (1936).

The Court agrees with Defense counsel's concerns. Thus, the Court will implement the following voir dire procedure. *Connors v. United States*, 158 U.S. 408, 413 (1895) ("[Voir dire] is conducted under the supervision of the court, and a great deal must, of necessity, be left to its sound discretion.").

The Court will provide opening instructions to all potential jurors and will administer their oaths. The Court will then provide a summary of the case, followed by introduction of counsel, parties, staff, and potential witnesses from a witness list to all potential jurors as a group. After that point, the potential jurors will be relocated to a different room while the Court conducts individual voir dire on each potential juror's hardship claim (if any), pretrial publicity, potential bias towards Somali populations, and answers on their individual questionnaire. After 40 jurors are seated, all potential jurors will be invited back to the courtroom for further group questioning. At any point, should the Court excuse one of the 40 potential jurors, the Court will conduct individual screening on headsets with the substitute potential juror. Furthermore, given the expected length of the trial, the Court will seat three alternate jurors in addition to the 12-person jury. Thus, peremptory challenges will begin when 40 jurors are seated and the panel is passed for cause.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS ORDERED THAT:

1. The government's Motions in Limine (ECF Nos. 62–70) are GRANTED IN PART, DENIED IN PART, and DEFERRED, as described herein; and

2. The parties are ORDERED to meet and confer regarding the government's motion to compel (ECF No. 72) and submit to the Court a status report no later than the beginning of trial.

IT IS SO ORDERED.

Dated: September 29, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge