**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MUNA WAIS FIDHIN,

Defendant.

Case No. 25-CR-334 (NEB/DTS)

SECOND ORDER ON MOTIONS IN LIMINE

Defendant Muna Wais Fidhin is charged in the Indictment with wire fraud, federal programs bribery, and money laundering (ECF No. 1). Trial is set to begin on October 5, 2026. (ECF No. 49.) During the pretrial conference, the government sought to include proffer testimony from two new witnesses during trial. Ms. Fidhin objected. (ECF No. 76.) The Court ordered Ms. Fidhin to submit an additional motion in limine addressing the issue. (*See id.*; ECF No. 77, at 1 n.1.) Ms. Fidhin submitted a brief, and the government opposed. (ECF Nos. 78, 82.) Because the proposed testimony evidence is intrinsic to the crimes charged, Ms. Fidhin's motion in limine regarding the government's proposed witness evidence is denied.

## BACKGROUND

On Friday, September 25, 2026, federal agents interviewed two individuals whose names and dates of birth appeared on a roster of people that Ms. Fidhin allegedly sent to Partners in Nutrition in November 2021 (ECF No. 71, Gov't Ex. F-41; ECF No. 82, at 1.). The roster contained names of children who purportedly received food from Ms. Fidhin and her nonprofit, M5 Care, under the sponsorship of Partners in Nutrition. (ECF No. 82, at 1.) The witnesses stated that they had never heard of M5 Care or Ms. Fidhin, nor did

they ever receive food from them. The government disclosed the interview reports to Ms. Fidhin.

During the pretrial conference the following Monday, the government sought to add these two witnesses to the witness list. Ms. Fidhin objected. Ms. Fidhin argued that the Indictment does not charge her with specific counts of wire fraud associated with Partners in Nutrition. As such, mentions of Partners in Nutrition would be extrinsic and considered improper evidence under Rule 404(b) of the Federal Rules of Evidence. Moreover, Ms. Fidhin suggested that she may object to all evidence that mentioned her relationship with Partners in Nutrition. Because this new objection could implicate a significant portion of government's evidence, the Court ordered briefing.

Ms. Fidhin's brief clarified her position. At the onset, Ms. Fidhin objects that the government did not provide reasonable notice of its intent to introduce Rule 404(b) evidence. *See* Fed. R. Evid. 404(b)(3). Substantively, Ms. Fidhin objects to the proposed witnesses because they are not relevant to proving the *specific counts* with which she is charged. Ms. Fidhin argues that the government only charged her with three wire fraud counts related to Feeding Our Future. Her position is that the government has not alleged that Partners in Nutrition and Feeding Our Future were in the same "scheme" with one another, and so testimony related to Partners in Nutrition is extrinsic and should be excluded under Rule 404(b).[1]

[1] Defense Counsel also stated that Ms. Fidhin did not intend to object to every mention of Partners in Nutrition in a testimony or document, but she does intend to object if the government attempts to introduce evidence falling within the scope of Rule 404(b). (ECF No. 78, at 1 n.1, 6.)

The government responds that evidence of Ms. Fidhin's participation in Partners in Nutrition is part of the scheme charged in the Indictment. As such, Rule 404(b) does not exclude the proposed witnesses. The Court agrees and so denies the motion.

## ANALYSIS

### I. Legal Standard

Under Rule 404, "[e]vidence of a crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Evidence of such "crime, wrong, or act" comes in two flavors. "Intrinsic evidence" means "the bad act itself is part of the 'charged offense.'" *United States v. Vaca*, 38 F.4th 718, 720–21 (8th Cir. 2022) (quoting *United States v. Maxwell*, 643 F.3d 1096, 1100 (8th Cir. 2011)). Intrinsic evidence that is relevant is generally admissible as long it meets the Rule 403 standard. *See United States v. Bass*, 794 F.2d 1305, 1313 (8th Cir. 1986).

Extrinsic evidence, on the other hand, is not part of the "charged offense" and is inadmissible when used to show that "an individual is likely to do the same thing again in the future." *Vaca*, 38 F.4th at 721; *Maxwell*, 643 F.3d at 1100 (citation omitted); *Holmes v. Slay*, 895 F.3d 993, 999 (8th Cir. 2018). But using extrinsic evidence for non-propensity purposes "is ordinarily fair game." *Vaca*, 38 F.4th at 721.

In short, this dispute rests on whether the proposed testimony relating to Ms. Fidhin and Partners in Nutrition is "intrinsic" or "extrinsic." Evidence of uncharged acts is "intrinsic" to the charged counts if they were (1) "all part of a single scheme" or (2) "'so blended or connected, with the one[s] on trial as that proof of one incidentally involves the other[s].'" *United States v. Swinton*, 75 F.3d 374, 378 (8th Cir. 1996) (quoting

*Bass*, 794 F.2d at 1312). Intrinsic evidence "'completes the story' or provides a 'total picture' of the charged crime." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006); *see also United States v. Forcelle*, 86 F.3d 838, 842 (8th Cir. 1996). It "tends to logically prove the elements of the crimes at issue." *United States v. Derring*, 592 F.2d 1003, 1007 (8th Cir. 1979); *United States v. Jackson*, 913 F.3d 789, 791 (8th Cir. 2019).

**II. Discussion**

The defendant argues that the proposed witnesses' testimony evidence is extrinsic because the government has not alleged that Feeding Our Future and Partners in Nutrition are in the same "scheme" as one another. (ECF No. 78, at 3.) Specifically, Ms. Fidhin argues that the wire fraud counts charged in the Indictment do not "encompass Ms. Fidhin's work with Partners in Nutrition." (*Id.*)

The Court need not dissect the Indictment to find ample evidence that Feeding Our Future and Partners in Nutrition were "so blended or connected" that "proof of one incidentally involves the other." *Bass*, 794 F.2d at 1312. The Indictment specifically charged Ms. Fidhin with three instances of her wire fraud. The government need not charge Ms. Fidhin with *every* instance of fraud. *See United States v. Charles*, 125 F.4th 904, 911 (8th Cir. 2025). At any rate, the Indictment contemplates that Ms. Fidhin's scheme did not end when she switched to Partners in Nutrition. Paragraph 1 of the Indictment recites Ms. Fidhin "enrolled her company, M5 Café, in the federal child nutrition program under the sponsorship of Feeding Our Future. She later created a nonprofit organization called M5 Care, which she enrolled . . . under another sponsor." (ECF No.1 ("Indictment"), at 1.) After explaining the Federal Child Nutrition Program and Feeding Our Future, the Indictment described "Sponsor A," which is Partners in Nutrition. (*Id.* at 5.) Under Counts 1–3 (wire fraud), the Indictment alleges that Ms. Fidhin "created a nonprofit

organization called M5 Care" and "applied to open a second [site] in the name of M5 Care under the sponsorship of Sponsor A." (*Id.* at 8.) That M5 Care site allegedly served 170,000 fraudulent meals, and Ms. Fidhin submitted fake invoices to support those claims. (*Id.*) Finally, the Indictment alleges that "for the purpose of *executing the scheme described above*," Ms. Fidhin committed wire fraud by transmitting the three emails charged Counts 1–3. (*Id.* at 8–9 (emphasis added).) As such, evidence of Ms. Fidhin's activities under Partners in Nutrition is not evidence of another crime—it is evidence of the crime itself.

Because evidence of Partners in Nutrition is "so integrated" and "not extrinsic," it "is not governed by Rule 404(b)" and "admissible as an integral part of the immediate context of the crime charged." *Bass*, 794 F.2d at 1312 (citation modified); *see also United States v. Oles*, 994, F.2d 1519, 1522 (8th Cir. 1993) ("Rule 404(b) only applies to evidence of acts extrinsic to the charged crime." (citation modified)).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, Defendant Muna Wais Fidhin's Motion in Limine (ECF No. 78) is DENIED.

IT IS SO ORDERED.

Dated: October 4, 2026

BY THE COURT:

*s/Nancy E. Brasel*
Nancy E. Brasel
United States District Judge